[Civ. No. 12660.   Second Appellate District, Division Two.—June 26, 1940.]

LUIGIA LACERTOSO, Respondent, v. L. S. TRIGG, Appellant.

Robert L. Ferguson for Appellant.

Herbert Gall and Edward Fitzpatrick for Respondent.

WOOD, J.—In this action plaintiff seeks to quiet title to a parcel of real estate and defendant seeks by his cross-complaint to have title quieted in himself.   The appeal is by defendant and cross-complainant from a judgment in plaintiff's favor.   No brief has been filed herein on behalf of plaintiff.

From the evidence and the admissions contained in the pleadings it appears that the lot in question was deeded by Albert and Helen Beck to John Lacertoso. Upon the death of John Lacertoso probate proceedings were commenced and the lot was inventoried as part of his estate. Thereafter the probate court made its decree of distribution on October 15, 1929, by which the lot was distributed to plaintiff, the widow of John Lacertoso. Stanley Boller, a physician, presented his claim for services rendered to the administratrix of the estate of John Lacertoso but the claim was rejected and notice of its rejection was served on the claimant. Dr. Boller did not file suit against the representative of the estate after rejection of the claim.

The defendant and cross-complainant herein filed an action on July 16, 1931, in the Municipal Court of Los Angeles as assignee of Dr. Boller, in which action he sought and recovered judgment for the sum of $280 for medical services which had been rendered to John Lacertoso. In that action one of the defendants named was the plaintiff in the present action. The complaint contained several common counts, including an allegation that the defendant in said action, plaintiff herein, had agreed to pay the amount claimed to be due. No answer was filed in the action in the municipal court and a default judgment was entered in favor of the plaintiff therein. Thereafter the plaintiff in said municipal court action, defendant herein, became purchaser of the lot in question at a sale held pursuant to a writ of execution which had been issued.

The trial court erred in ruling that the title of cross-complainant was invalid. So far as can be discerned from the record cross-complainant obtained a valid judgment which has become final and upon which execution was regularly issued. If plaintiff and cross-defendant herein, the defendant in the municipal court action, desired to contest the action based on the assigned claim of the physician she should have filed an answer in the municipal court. Having failed to do so and having permitted cross-complainant to obtain a valid judgment she is not now in position to claim that her real property is exempt from execution and free from the lien of the purchaser at the execution sale. Long before the action was commenced in the municipal court the lot in ques-

tion had been distributed to plaintiff and had become her property and as such it was subject to the rights of judgment creditors to the same extent as if the property had not come to her by decree of distribution from the estate of her deceased husband.

The judgment is reversed.

Moore, P. J., and McComb, J., concurred.